# In the United States Court of Federal Claims

No. 25-1132
Filed: March 11, 2026

|  |  |
|---|---|
| GAYLE GEORGE, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant* | ) |
|  | ) |

## OPINION AND ORDER

Gayle George had a mortgage on her home (the "Property"). About ten years ago, her bank filed foreclosure proceedings in the D.C. Superior Court. In the years that have followed, Ms. George has filed numerous lawsuits challenging the foreclosure. None succeeded. In the end, the D.C. Superior Court authorized the foreclosure and sale of the Property. That order became final long ago, and the foreclosure sale it allowed took place.

U.S. Bank purchased the Property in the foreclosure sale. Because Ms. George still occupied the Property, U.S. Bank went to the D.C. Superior Court to get an order to evict her. This too has generated significant litigation. In the end, the D.C. Superior Court issued a writ of restitution directing the U.S. Marshal to cause the Property to be turned over to U.S. Bank, its lawful owner. In other words, the D.C. Superior Court authorized the U.S. Marshal to evict Ms. George. That eviction happened on March 5, 2025.

Ms. George then sued the United States, alleging that the U.S. Marshals Service "[f]orcibly entered and seized exclusive possession of Plaintiff's home and private shelter." ECF No. 1 at 3. Ms. George alleges this violated the Takings Clause of the Fifth Amendment and seeks damages for the "uncompensated taking of private property by federal agents acting in their executive capacities." *Id*. at 1.

Ms. George has a problem. Although she insists that she is not challenging another court's decisions, she does just that—twice. First, for her to claim ownership, she necessarily contends that the D.C. Superior Court's final order allowing the foreclosure sale, which she never appealed, was incorrect or improper. If it was not, she retained no property interest that was taken from her in the eviction. Second, she overtly challenges the D.C. Superior Court's issuance of the writ of restitution authorizing her eviction. This court, however, lacks jurisdiction over such collateral attacks on the orders of the D.C. Superior Court. Because this

court must accept the validity of the D.C. Superior Court's orders, the court grants the Government's motion to dismiss Ms. George's complaint.

## I.       Standard of Review

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998)).  This court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491.  Under the Tucker Act, this court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  But "[t]he Tucker Act itself does not create a substantive cause of action."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages."  *Id.*  In certain circumstances, the Takings Clause of the Fifth Amendment can serve as a money-mandating source of law under the Tucker Act.  *Bd. of Supervisors of Issaquena Cnty. v. United States*, 174 Fed. Cl. 315, 321-22 (2024).

When deciding a Rule 12(b)(1) motion, the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor."  *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  The Plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence."  *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted).  The court may consider matters outside the pleadings relevant to the jurisdictional inquiry.

Complaints filed by pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).  But "the leniency afforded pro se litigants with respect to mere formalities does not relieve them of jurisdictional requirements."  *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## II.      Discussion

To establish a Fifth Amendment takings claim, Ms. George "must show that the United States, by some specific action, took a private property interest for public use without just compensation."  *Husband v. United States*, 90 Fed. Cl. 29, 35 (2009) (quoting *Short v. United States*, 50 F.3d 994, 1000 (Fed Cir. 1995)).  The court applies a two-part test to determine whether a government action constitutes a taking.  First, "as a threshold matter, the court must determine whether the claimant has established a property interest for the purposes of the Fifth Amendment."  *Am. Pelagic Fishing Co., L.P., v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004).  If the claimant "fails to demonstrate the existence of a legally cognizable property interest" at the time of the taking, "the court[']s task is at an end."  *Id.*  Second, if the claimant can establish such an interest, "the court must determine whether the governmental action at issue amounted to a compensable taking of that property interest."  *Id.*  Although the allegation of the taking generally confers jurisdiction, there are limits.  Relevant here is that this court lacks

jurisdiction to review the decisions of other courts or collateral attacks on those decisions.  *See*, *e.g.*, *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017).  Because Ms. George cannot establish a compensable property interest in the Property on the date the U.S. Marshals evicted her without this court setting aside the D.C. Superior Court's and D.C. Court of Appeals' decisions, this court lacks subject-matter jurisdiction to hear this case.

To trace the sequence of events, Ms. George defaulted on her mortgage in 2015. *Christiana Trust v. Gayle George*, No. 2015-CA-9263, at *1 (D.C. Super. Ct. Aug. 28, 2018) (order granting summary judgment).  In August 2018, at the conclusion of a foreclosure proceeding, the D.C. Superior Court entered a final judgment against Ms. George and authorized the foreclosure sale of the Property.  *Id.*  The same court ratified the sale of the property to U.S. Bank a few months later.  *Christiana Trust*, No. 2015-CA-9263 (D.C. Super. Ct. Feb. 19, 2019) (order ratifying sale).  Ms. George did not appeal these decisions.

Then, in May 2022, U.S. Bank initiated an eviction proceeding against Ms. George in the D.C. Superior Court.  *See* Motion to Issue a Writ of Restitution at 1, *U.S. Bank v. Gayle George*, No. 2022-LTB-2161 (D.C. Super. Ct. Nov. 14, 2024).  This resulted in a "Non-Redeemable Judgment of Possession" granted in favor of U.S. Bank in January 2023, and the issuance of a Writ of Restitution in December 2024.  *Id.*; *U.S. Bank*, No. 2022-LTB-2161 (D.C. Super. Ct. Dec. 16, 2024) (order granting U.S. Bank's motion to re-issue writ of restitution).  The D.C. Court of Appeals affirmed this judgment on February 7, 2025.  *George v. U.S. Bank*, Nos. 23-CV-0625, 23-CV-1038, 24-CV-0651, 24-CV-0583 (D.C. Feb. 7, 2025).  Finally, on March 5, 2025, the U.S. Marshals executed the writ and evicted Ms. George from the Property.  This means that by March 5, 2025, the D.C. Superior Court had determined that Ms. George lacked an ownership interest in the Property.  With no cognizable property interest, Ms. George fails to state a takings claim under the Fifth Amendment.

Despite disclaiming any challenge to another court's orders in her complaint, *see* ECF No. 1 at 1, Ms. George argues that the U.S. Marshals "acted with full prior knowledge that no lawful or enforceable judicial directive authorized the seizure."  ECF No. 11 at 5.  That, however, is squarely challenging the writ of restitution that the D.C. Superior Court issued that authorized the U.S. Marshals to remove Ms. George from the Property that she no longer owned.  And in Ms. George's motion for leave to file a sur-reply, she again challenges the writ's validity by arguing that "(1) no judge is identified on the order, (2) no hearing appears on the docket, and (3) the official Court Report confirmed that no hearing occurred."  ECF No. 20 at 1.  This court, however, has no jurisdiction to hear such collateral challenges to the validity of the D.C. Superior Court's orders.  *See*, *e.g.*, *Wilson v. United States*, 173 Fed. Cl. 475, 479 (2024).  Similarly, this court cannot hear a challenge to the D.C. Superior Court's final judgment that allowed the foreclosure sale of the property in the first place.  *Allustiarte v. United States*, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001).

Although she focuses on the writ of restitution, a bigger problem remains.  Namely, Ms. George can only establish a legally cognizable property interest in the Property if the D.C. Superior Court's orders—allowing the foreclosure sale and then affirming it—were invalid or incorrect.  But this court has no jurisdiction to set aside the judgments or orders of other courts. *See Petro-Hunt*, 862 F.3d at 1385.  Indeed, Federal Circuit precedent prohibits this court from hearing any claim that "requires the court to scrutinize the actions of another Tribunal," even

when those actions result in harm to a property interest. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) (citing *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1343 (Fed. Cir. 2011)). To the extent that Ms. George is unhappy with the D.C. Superior Court's orders, her relief (if any) is through the appellate process rather than an action in this court.

The D.C. Court of Appeals has considered many of her challenges and (1) concluded that the foreclosure sale was final; *Christiana Trust*, No. 2015-CA-9263 (D.C. Super. Ct. Feb. 19, 2019) (order ratifying sale); (2) recognized that, by 2022, U.S. Bank was "the owner of the property," *George v. U.S. Bank*, Nos. 23-CV-0625, 23-CV-1038, 24-CV-0651, 24-CV-0583, slip op. at 2 (D.C. Feb. 7, 2025); (3) affirmed the entry of default judgment against her in U.S. Bank's eviction proceeding, *id*. at 5; and (4) denied post-judgment motions for relief, *id*. at 6. As for her occupancy of the Property, the D.C. Court of Appeals concluded that after the foreclosure sale, Ms. George was a tenant-at-will. *Id*. at 5. As that court explained, "[t]he bank's authority to bring the eviction complaint comes from its own status as the owner of the property and Ms. George's status as an at-will tenant." *Id*. at 8-9. As a tenant-at-will, U.S. Bank could evict her with thirty days' notice under D.C. law. *Id*. at 5.

In the end, the only way that Ms. George could survive the motion to dismiss would be if the D.C. Superior Court's and D.C. Court of Appeals' orders in the foreclosure proceeding and the eviction proceeding were invalid or erroneous. This court has no jurisdiction to make such determinations. Because the court lacks subject-matter jurisdiction over this case, it does not reach the Government's alternative arguments under Rule 12(b)(6).

## III.    Conclusion

For the foregoing reasons, the court:

> 1. GRANTS the Plaintiff's amended motion for leave to proceed in forma pauperis, ECF No. 8;
>
> 2. DENIES as moot Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2;
>
> 3. GRANTS the Plaintiff's motion for leave to file a sur-reply, ECF No. 20; and
>
> 4. GRANTS the United States' motion to dismiss for lack of subject-matter jurisdiction, ECF No. 10.

The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
